IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN RODNEY WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4123-G-BN |
| | § | |
| DALLAS TX NATIONAL SECURITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Glenn Rodney Wright, appearing *pro se*, against Defendants Dallas TX National Security, Cogic Church, Daniel Dreysen, Charles Mason, Alycia Carter, Louise Patterson, Steve Cohen, Robert White, and Mason Temple. On October 11, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.

In his complaint, Plaintiff appears to allege various causes of action related to the use of lasers and satellites by representatives of the government and churches, which have resulted in laser burns and loud noises that have burst his eardrums. *See* Dkt. No. 3 at 1-4.

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff does not present a logical set of facts to support any claim for relief. His complaint contains allegations wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

The undersigned notes that Plaintiff has filed dozens of similar lawsuits in Tennessee during the last few years, most of which allege various fanciful and delusional scenarios. *See, e.g., Wright v. Haslam*, No. 3:13-cv-1045 (M.D. Tenn. Oct. 2, 2013) (Dkt. No. 3) (summarily dismissing as "fantastic and delusional" Plaintiff's complaint alleging that he is being continuously stalked by the defendants and "hit in both ears by the Wartime Satellite Laser and Force Voice Amp Ear Laser Penetrator"); *see also Wright v. Nat'l Comm'n Reform*, No. 2:11-cv-2045-JDT-cgc (W.D. Tenn. Aug. 4, 2011) (Dkt. No. 5) (summarily dismissing Plaintiff's "unintelligible and incoherent complaint alleging that he is bombarded with voices broadcast by satellites"); *Wright v. Carter*, No. 2:10-cv-2634-JDT-tmp (W.D. Tenn. July 21, 2011) (Dkt. No. 4) (noting Plaintiff's filing of 80 prior cases in the district since the fourth quarter of 2009 and summarily dismissing Plaintiff's complaint alleging that a United States congressman, the federal government, and unspecified other persons are conspiring to spy on Plaintiff using satellites).

## Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE